IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| STEPHON W. SUGGS, | |
| Plaintiff, | CIVIL ACTION NO.: 6:21-cv-4 |
| v. | |
| BRIAN P. KEMP, et al., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction. Doc. 16. In his Motion, Plaintiff states he seeks emergency relief to prevent inmate violence and medical neglect and to restore possession of his personal property, among other things. Id.

A movant bears the burden of demonstrating four necessary elements for temporary restraining or preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) the relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the relief would cause the other litigant; and (4) the relief would not be averse to the public interest. Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff has not shown a substantial likelihood of success on the merits at this point in the litigation. While Plaintiff repeatedly asserts he needs emergency relief and is in danger, he has not explained why his claims will succeed. Thus, Plaintiff has not satisfied his burden of showing he is entitled to temporary restraining or preliminary injunctive relief. Additionally, the Court has ordered

Plaintiff to submit an Amended Complaint due to deficiencies in his original Complaint. Because of deficiencies in the original Complaint, Plaintiff's Complaint and Petition for Mandamus also do not show a substantial likelihood Plaintiff will succeed on the merits of his case.  Doc. 1, 2.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DENY** Plaintiff's Motion seeking injunctive relief.  Doc. 16.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of August, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA